IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BENJAMIN EARL DODD, JR.,**                                                          **PLAINTIFF**
**ADC #132322**

V.                           CASE NO. 4:18-CV-487-JM-BD

**J. LATTIMORE, et al.**                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. You may file written objections to this Recommendation. If you file objections, they should be specific and should include the factual or legal basis for your objection. Your objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

### II.  Discussion

A.  Background

Benjamin Earl Dodd, Jr., an Arkansas Department of Correction ("ADC") inmate who was previously detained at the Pulaski County Regional Detention Facility ("Detention Facility"), filed this civil lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) In his complaint, Mr. Dodd claims that Defendants

punished him without due process of law when he was detained at the Detention Facility. It was unclear from his complaint whether Mr. Dodd was a pre-trial detainee or a convicted person at the time the events giving rise to this lawsuit occurred. Therefore, the Court ordered him to file an amended complaint to clarify his inmate status. (#4) Mr. Dodd has now responded to the Court's Order, explaining that he was a "parole violator with charges pending" at the time his claims arose. (#5, #6)

B.  Analysis

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints that seek relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss any claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b).

At the time of the events giving rise to this lawsuit, Mr. Dodd was incarcerated for an alleged parole violation. (#5, #6) He was, therefore, a convicted, paroled, and re-incarcerated person. Because "[h]is original conviction is the authority under which he was confined after his parole violation," he must be treated as a convicted person for purposes of considering his due process claims. *Washington v. Byrd,* 2012 WL 925148, at *3 (E.D. Ark. March 16, 2012) (internal citation omitted); see also *Moore v. Shock,* 2014 WL 5474613 (E.D. Ark. Oct. 29, 2014).

Here, Mr. Dodd complains that, as a result of a disciplinary conviction, he was "locked down for 28 days" and lost various inmate privileges during that time. (#2 at p.9)

Under settled law, a prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or from actions that "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner,* 515 U.S. 472, 487 (1995). Placement in punitive isolation or administrative segregation for relatively short intervals, even if it results in the temporary suspension of privileges, does not constitute the type of "atypical and significant" hardship that triggers the protection of the due process clause. *Portley–El v. Brill,* 288 F.3d 1063, 1065–66 (8th Cir.2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*). Accordingly, the temporary changes in the conditions of Mr. Dodd's confinement do not rise to the level of a constitutional due process violation.

Although Mr. Dodd also complains generally that Defendants used excessive force against him, he did not include any factual allegations to support a claim of excessive force. He has failed to state a claim against any Defendant for excessive force.

Mr. Dodd also alleges that Defendants verbally threatened him. This allegation, even if true, does not state a constitutional claim for relief. Verbal insults or threats generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992).

Finally, Mr. Dodd alleges that Defendants humiliated him by charging him with a false disciplinary. Even if Mr. Dodd's allegations are true, the issuance of a false

disciplinary, without more, does not rise to the level of a constitutional violation.[1]

*Williams v. Horner*, 403 Fed Appx. 138 (8th Cir. 2010); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (citing *Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986)).

### III. Conclusion

The Court recommends that Mr. Dodd's claims be DISMISSED, with prejudice, based on his failure to state a constitutional claim. The Court also recommends that this dismissal constitute a "strike" for purposes of 28 U.S.C. § 1915(g).

DATED, this 30th day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that Mr. Dodd alleges that Defendants acted with deliberate indifference to his safety by wrongfully punishing him for "masturbating," this claim also fails. "Deliberate indifference" is evidenced only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Here, Mr. Dodd has not included any facts for the Court to conclude that Defendants were aware that Mr. Dodd's conviction of the disciplinary at issue posed any substantial risk of harm to his health or safety, or that Defendants disregarded any such risk.